**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER NIVAR, Plaintiff, v. PROTEGA PHARMACEUTICALS, INC. Defendant. | Civil Action No: 1:25-CV-07007-ALC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**FISHER & PHILLIPS LLP**

400 Connell Drive, Suite 4000
Berkeley Heights, NJ 07922
Attorneys for Defendant

*On the Brief*
Kevin R. Brady, Esq.

# TABLE OF CONTENTS

Page

I. **PRELIMINARY STATEMENT** ........................................................1

II. **FACTS** ........................................................2

III. **ARGUMENT** ........................................................3

A. **Standard for Motion to Dismiss** ........................................................3

B. **Plaintiff's FCA/AKS Claims Should be Dismissed Because She Does Not Allege That She Engaged in Protected Activity** ........................................................4

C. **Plaintiff's Section 740 Claim Should Be Dismissed Because She Fails to Allege Conduct That Posed a Substantial and Specific Danger to Public Health or Safety** ........................................................7

D. **Plaintiff's NYCHRL and NYSHRL Sex Discrimination Claims Fail Because Courts Reject "Paramour Preference" Claims and She Fails to Allege She Was Treated Less Well Than Male Comparators** ........................................................9

E. **Plaintiff's NYCHRL and NYSHRL Retaliation Claims Fail for Lack of Protected Activity** ........................................................12

IV. **CONCLUSION** ........................................................13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adiram v. Catholic Guardian Servs.*,
13-CV-6235, 2015 WL 5706935 (E.D.N.Y. Sept. 28, 2015) ....................................6

*Bell v. McRoberts Protective Agency*,
No. 15 Civ. 0963, 2016 WL 1688786 (S.D.N.Y. Apr. 25, 2016) ........................10, 11

*Conte v. Kingston NH Operations LLC*,
585 F. Supp. 3d 218 (N.D.N.Y. 2022) ....................................................4

*Cueto v. Jura Pentium Inc.*,
No. 156780/2024, 2025 WL 1673221 (N.Y. Supreme June 13, 2024) ........................9

*DeCintio v. Westchester County Medical Center*,
807 F.2d 304 (2d Cir. 1986) ..........................................................10

*Diaz v. N.Y. State Catholic Health Plan*,
18 N.Y.S.3d 866 (N.Y. App. Div. 2015) ..................................................9

*DiNome v. Cordis US Corp.*,
No. 23-CV-11173 (ER), 2024 WL3888799 (S.D.N.Y. Aug. 21, 2024) ........................8

*EEOC v. Bloomberg L.P.*,
967 F. Supp. 2d 816 (S.D.N.Y. 2013) ...................................................12

*Fattoruso v. Hilton Grand Vacations, Co.,* LLC,
525 Fed. App'x 26, 28 (2d Cir. 2013) ...............................................10, 12

*Fronto King, LLC, v. Talal*,
No 1:20-cv-08035 (ALC), 2025 WL 949431 (S.D.N.Y. March 28, 2025) ...................3, 4

*Hall v. St. Jude Med S.C., Inc.*,
326 F. Supp. 3d 770 (D.C. Minn. 2018) ..................................................5

*Hart v. McKesson Corp.*,
602 F. Supp. 3d 575 (S.D.N.Y. May 5, 2022) ..........................................5, 6

*Hart v. Publicis Touchpoint Solutions, Inc.*,
821 F. App'x 557 (6th Cir. 2020) .......................................................4

*Hopper v. Anton*,
91 F.3d 1261 (9th Cir. 1996) ...........................................................7

*Kahn v. Objective Solutions, Intl.*,
86 F.Supp.2d 377 (S.D.N.Y. 2000) …………………………………………………..10

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
716 F.3d 10 (2d Cir. 2013) ………………………………………………………....12

*Khurana v. Spherion Corp.*,
511 F. Supp.3d 455 (S.D.N.Y. 2021) …………………………………………………6

*Komorek v. Conflict International Inc.*,
No. 22 Civ. 9467 (ER), 2024 WL 1484248 (S.D.N.Y. Mar. 29, 2024) …………………8

*Malena v. Victoria's Secret Direct, LLC*,
886 F. Supp. 2d 349 (S.D.N.Y. 2012) ……………………………………..………12

*Mauro v. Orville*,
259 A.D.2d 89, 697 N.Y.S.2d 704 (3d Dept.1999) ……………………..…………10

*McHenry v. Fox News Network, LLC*,
510 F. Supp. 3d 51 (S.D.N.Y. 2020) ……………………………………………....12

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
715 F.3d 102 (2d Cir. 2013) …………………………………………………10, 12

*Moor–Jankowski v. Bd. of Trustees of New York Univ.*,
No. 96 CIV. 5997(JFK), 1998 WL 474084 (S.D.N.Y. Aug. 10, 1998) …………………..6

*N.Y. ex rel. Khurana v. Spherion Corp*.,
511 F. Supp.3d 455 (S.D.N.Y. 2021) …………………………………………………4

*Parisi v. Wipro Limited*,
No. 16 Civ. 1824(PAE), 2016 WL 6905987 (S.D.N.Y. Nov. 23, 2016) …………………5

*Pierre v. JFC Security Services, Inc.*,
No. 15-CV-4627 (MKB), 2017 WL 4162304 (E.D.N.Y. Sept. 19, 2014) ………………12

*Romero v. Floris Construction, Inc.*,
No. 1:16-CV-04282(PKC)(RLM), 2017 WL 5592681 (E.D.N.Y. Nov. 20, 2017) ………9

*Sakthivel v. Industrious Staffing Co.*, LLC,
212 A.D.3d 419 (1st Dep't 2023) ……………………………………………………...9

*Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.*,
No. 19 Civ. 6034 (JPO), 2019 WL 6916099 (S.D.N.Y. Dec. 19, 2019) …………..……11

*Shaughnessy v. Scotiabank*,
No. 22-CV-10870, 2024 WL 1350083 (S.D.N.Y. Mar. 29, 2024) ……………………...10

*Shukla v. Deloitte Consulting LLP*,
No. 119-CV-10578, 2020 WL 3181785 (S.D.N.Y. June 15, 2020) ……………………11

*Webb-Weber v. Cmty. Action for Hum. Servs., Inc.*,
23 N.Y.3d 448 (N.Y. 2014) ……………………………………………………………8

*Xiang v. Eagle Enters., LLC,*
No. 19-CV-1752, 2020 WL 248941 (S.D.N.Y. Jan. 16, 2020) …………………………12

*Yost v. Everyrealm, Inc.*,
657 F. Supp. 3d 563 (S.D.N.Y. 2023) ………………………………………………11

*Zhang v. Centene Management Co.*, LLC,
No. 21 CV 5313 (DG)(CLP), 2023 WL 2969309 (E.D.N.Y. Feb. 2, 2023) ………..8, 9

**Statutes**

42 U.S.C. § 1320a-7b(b)(2) ……………………………………………………………..5

42 U.S.C. § 1320a-7h ……………………………………………………………………5

New York Labor Law § 740 …………………………………………………………7, 8, 9

## PRELIMINARY STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Protega Pharmaceuticals, Inc. ("Defendant" or "Protega"), by its attorneys Fisher & Phillips LLP, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint dated August 25, 2025. (ECF No. 1.)

Plaintiff, a former Key Account Manager for Protega, claims that the Company failed to promote her and terminated her employment for allegedly reporting violations of the Physician Payments Sunshine Act ("PPSA"), the Anti-Kickback Statute ("AKS") and alleged sexual harassment. In her Complaint, Plaintiff purports to assert claims for retaliation under the False Claims Act ("FCA") and New York Labor Law § 740 ("Section 740"). Plaintiff further alleges discrimination and retaliation under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

Plaintiff alleges that she reported to Protega that her female co-worker, Jessica Kraszewski, at conferences, failed to use attendance sheets or fabricated them, ordered $75 cocktails for herself and other dinner guests, and sent naked pictures of herself to a doctor, and therefore, she had a reasonable and good faith belief that such conduct violated the PPSA. Plaintiff further alleges that Ms. Kraszewski gave naked photographs of herself to a doctor, which was an AKS violation. Plaintiff's FCA claim fails because she does not allege that she engaged in any protected activity because attendance sheets are not mandated under the PPSA, and she cannot establish she had an objectively reasonable basis that Protega committed fraud against the government. Likewise, there are no facts to support a good faith belief that Protega "knowingly and willfully" gave remuneration to physicians (indecent photos) for prescriptions for an AKS violation. Plaintiff's Section 740 claim also fails for the same reason as her FCA claim – lack of protected activity and

none if it amounts to Plaintiff reporting conduct that posed "a substantial and specific danger to the public health or safety" as required to constitute protected activity under that statute.

Plaintiff's NYCHRL and NYSHRL discrimination and retaliation claims also fail because Plaintiff fails to plausibly allege any conduct that she was treated less well than male employees and that the offending conduct was keyed to a protected characteristic of Plaintiff. Instead, Plaintiff purports to allege a "paramour preference" claim, and it is well settled that such conduct does not constitute unlawful discrimination based on gender. In sum, nothing in Plaintiff's complaint states a plausible claim to survive dismissal.

## I. FACTS[1]

In May 2022, Plaintiff began her employment with Protega as a Specialty Account Manager. (Compl. ¶ 10.) In June 2023, Protega promoted Plaintiff to a Key Account Manager position, reporting to Christy Sweet, National Business Director. (*Id.* ¶¶ 18, 46.) In February 2025, following a North American Neuromodulation Society ("NANS") conference in Orlando, Florida, Plaintiff alleges she reported the following conduct to Ms. Sweet: (1) a co-worker, Jennifer Kraszewski, sent nude pictures of herself to a doctor; and (2) there was no sign-in sheet at the dinner. (*Id.* ¶ 46.) Plaintiff further alleges that Ms. Kraszewski fabricated sign-in sheets and ordered $75 cocktails for herself and dinner guests. (*Id.* ¶¶ 50, 56.)

Plaintiff alleges that her co-workers, Ms. Kraszewski and Chris Schulte were in a sexual relationship, and that Ms. Kraszewski gave him preferential treatment. (Compl. ¶¶ 20, 74, 90.) In April 2025, at a training conference in Kansas, Ms. Kraszewski wore "thigh-high boots, a mini-skirt, and a cropped top", and told co-workers that she sent naked pictures of herself to a doctor and told Plaintiff at a table with co-workers that "You'll never be a manager." (*Id.* ¶¶ 65, 67, 72.)

[1] While the Court must accept the factual allegations in the Complaint as true for the purposes of this motion, Defendant denies Plaintiff's allegations that it engaged in any unlawful conduct.

In May 2025, Plaintiff reported Ms. Kraszewski's treatment of her at the conference to Paul Howe, Chief Operating Officer. (*Id.* ¶ 76.) Plaintiff further reported to Mr. Howe that Ms. Kraszewski: (1) "seemed to sabotage [Plaintiff's] presentation"; (2) did not have a sign in sheet at a dinner with a doctor or later forged [Plaintiff's] name on a sign-in sheet; and (3) told co-workers she sent naked pictures of herself to a doctor. (*Id.* ¶ 78).

On May 9, 2025, Plaintiff reported to Protega's Human Resources department how Ms. Kraszewski (a co-worker) "had been retaliating against her since Plaintiff reported Ms. Kraszewski's unlawful and improper behavior." (*Id.* ¶ 84.) Plaintiff also reported that Ms. Kraszewski and Mr. Schulte were in a sexual relationship, that she gave him preferential treatment and created a sexually charged working environment. (*Id.* ¶ 90.) On May 16, 2025, following a Human Resources investigation, Plaintiff's employment was terminated, and she was told she was being fired because of her communications to co-workers concerning Ms. Kraszewski's illegal and sexually inappropriate conduct. (Compl. ¶¶ 83, 86, 91.)

## II. ARGUMENT

### A. Standard for Motion to Dismiss

This Court recently set forth the principles for considering a Rule 12(b)(6) motion in *Fronto King, LLC, v. Talal*, No 1:20-cv-08035 (ALC), 2025 WL 949431 at *2 (S.D.N.Y. March 28, 2025) These principles include:

- a court should draw all reasonable inferences in the plaintiff's favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief.
- to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

- The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Deciding whether a complaint states a plausible claim is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Fronto King, LLC, v. Talal*, *supra*, 2025 WL 949431 at *2.

### B. Plaintiff's FCA/AKS Claims Should Be Dismissed Because She Does Not Allege That She Engaged in Protected Activity

To state a FCA retaliation claim, a plaintiff must plausibly allege that: "(1) [s]he engaged in activity protected under the statute, (2) the employer was aware of such activity, and (3) the employer took adverse action against h[er] because [s]he engaged in the protected activity." *Conte v. Kingston NH Operations LLC*, 585 F. Supp. 3d 218, 242 (N.D.N.Y. 2022). As a matter of law, Plaintiff cannot establish that she engaged in protected activity under the statute.

Regarding the protected activity element, Plaintiff must meet a two-part subjective and objective test to show that: (1) the employee in good faith believes, and (2) a reasonable employee in the same or similar circumstances might believe, that the employer is committing fraud against the government. *N.Y. ex rel. Khurana v. Spherion Corp*., 511 F. Supp.3d 455, 473 (S.D.N.Y. 2021).

The conduct alleged by Plaintiff falls far short of this test. Plaintiff alleges that she reported to Protega that her female co-worker, Jessica Kraszewski, at conferences, failed to use attendance sheets or fabricated them, ordered $75 cocktails for herself and other dinner guests, and sent naked pictures of herself to a doctor, and therefore, she had a reasonable and good faith belief that such conduct violated the PPSA. (Compl. ¶¶ 46, 50, 56.) Plaintiff is wrong. Rather, the PPSA "is a reporting statute. It doesn't limit how much money a company . . . spends on doctors; it just requires them to honestly report how much they spend." *Hart v. Publicis Touchpoint Solutions, Inc.* 821 F. App'x 557, 562 (6th Cir. 2020). Moreover, the PPSA does not mandate attendance

sheets for conferences, and instead, it requires manufacturers to track and report payments and "transfers of value" to physicians. 42 U.S.C. § 1320a-7h. The Complaint is devoid of any allegations that Protega failed to meet its reporting obligations, and her claim should be dismissed. *See, e.g., Parisi v. Wipro Limited*, No. 16 Civ. 1824(PAE), 2016 WL 6905987, at *2 (S.D.N.Y. Nov. 23, 2016) (dismissing whistleblower claims where plaintiff's "limited understanding of the Sunshine Act and its deadlines, and of the status of the Project itself, underscores that it was not reasonable for him to jump to the conclusion—to assume, based on scant information—that a violation was afoot."); *Hall v. St. Jude Med S.C., Inc.*, 326 F. Supp. 3d 770, 782 (D.C. Minn. 2018) (no public policy violation under the PPSA where sponsoring of an office party is not a violation of the PPSA because it is a reporting statute).

Likewise, there are no facts to support a good faith belief that Protega "knowingly and willfully" gave remuneration to physicians for prescriptions for an AKS violation. The AKS prohibits a person from "knowingly and willfully offer[ing] or pay[ing] any remuneration (including any kickback, bribe, or rebate) ... to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made ... under a Federal health care program." 42 U.S.C. § 1320a-7b(b)(2). In addition, "[w]here an FCA claim is based on a violation of the AKS, the AKS scienter requirement must also be satisfied." *Hart v. McKesson Corp.*, 602 F. Supp. 3d 575, 592 (S.D.N.Y. May 5, 2022). In *Hart*, the Court found that plaintiff identifying a policy that plausibly violates the AKS and alleging that a defendant had a general awareness of the laws regulating the pharmaceutical industry is not enough to establish scienter. *Id.* Instead, "[t]here must be facts from which the Court can infer that Defendants knew the conduct was unlawful and proceeded with the business practice regardless."

*Id*. The Court found that the plaintiff's complaint lacked any such non-conclusory allegations as to scienter and dismissed his complaint. *Id.* The result should be the same here.

Even if Plaintiff had a reasonable and good faith belief in her reporting, the same cannot be said for the objective prong. She fails to allege facts plausibly supporting that a "reasonable employee in the same or similar circumstances might believe, that the employer is committing fraud against the government." *Khurana v. Spherion Corp.*, 511 F. Supp.3d 455, 473 (S.D.N.Y. 2021). She does not allege that an employee in a similar circumstance would have gathered that a lack of attendance sheets, a co-worker ordering $75 cocktails, or sending nude photos of herself to a doctor could plausibly suggest that Protega was defrauding the government.

Finally, Plaintiff is not entitled to whistleblower protections as her purpose of this lawsuit is detached from those of the FCA. Indeed, courts routinely dismiss complaints "where the plaintiff's complaint does not allege any FCA-related inquiry or conduct." *Adiram v. Catholic Guardian Servs.*, 13-CV-6235, 2015 WL 5706935, at *5 (E.D.N.Y. Sept. 28, 2015) (citing Moor–Jankowski v. Bd. of Trustees of New York Univ., No. 96 CIV. 5997(JFK), 1998 WL 474084, at *1 (S.D.N.Y. Aug. 10, 1998) (dismissing FCA complaint where "the plaintiff's activities were 'aimed only at getting NYUMC to bring all research at NYUMC facilities into compliance with the [Animal Welfare Act].'")). Here, Plaintiff's ire is directed at Ms. Kraszewski who Plaintiff alleges that she wore "thigh-high boots, a mini-skirt, and a cropped top" at a conference, made a comment that Plaintiff will "never be a manager", and that her male co-worker, Chris Schulte (and purported paramour of Kraszewski) was "next" to be promoted, while Plaintiff was not.[2] Plaintiff's allegations about her complaints to Protega are clearly motivated by her own desire for a promotion and her apparent jealousy of Ms. Kraszewski (Compl. ¶¶ 64, 80), rather than plausible

[2] Ironically, Plaintiff admits that Protega promoted her in June 2023. (Compl. ¶ 18.)

allegations of a perpetrated fraud scheme against the government as required for an FCA claim. *See Hopper v. Anton*, 91 F.3d 1261, 1270 (9th Cir. 1996) ("[A] violation of a law or a regulation standing alone is not proof of a false claim.").

As the Complaint does not support a plausible inference that Protega had engaged in any conduct "in furtherance of an action under the FCA" a "knowing and willful" AKA violation, or that Plaintiff undertook any other efforts to thwart ongoing violations of the FCA, the Court should dismiss Count One of the Complaint.

### C. Plaintiff's Section 740 Claim Should be Dismissed Because She Fails to Allege Conduct that Posed a Substantial and Specific Danger to Public Health or Safety[3]

Plaintiff's Section 740 claim cannot survive dismissal because she fails to identify any specific activity, policy, or practice by Protega that she could have reasonably believed was illegal or posed a substantial and specific danger to public safety.

Section 740, as amended January 26, 2022, provides, in pertinent part:

> An employer shall not take any retaliatory action against an employee . . . because such employee does any of the following: (a) discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation or that the employee reasonably believes poses a substantial and specific danger to the public health or safety.

NYLL § 740(2). Section 740 applies where an employee reasonably believes that an activity, policy, or practice of their employer either violates a law, rule, or regulation, or poses a substantial and specific danger to the *public* health or safety. *Id.* (emphasis added).

"To plead a prima facie case of retaliation, [plaintiff] must first sufficiently allege that '[s]he disclosed or threatened to disclose an activity, policy, or practice that [defendant] was engaging in, which [s]he reasonably believed either violated a law, rule, or regulation, or posed a

[3] Diversity jurisdiction exists over Plaintiff's remaining state and city law claims as the parties are citizens of different states and the amount in controversy exceeds $75,000. (Compl. ¶¶ 8-9).

substantial and specific danger to public health or safety.'" *DiNome v. Cordis US Corp.*, No. 23-CV-11173 (ER), 2024 WL3888799, at *4 (S.D.N.Y. Aug. 21, 2024) (quoting *Komorek v. Conflict International Inc.*, No. 22 Civ. 9467 (ER), 2024 WL 1484248, at *6 (S.D.N.Y. Mar. 29, 2024)); *see also* NYLL § 740(2)(a). The employee's complaint must "identify the particular activities, policies or practices in which the employer allegedly engaged, so that the complaint provides the employer with notice of the alleged complained-of conduct." *Komorek*, *supra*, 2024 WL 1484248, at *6 (quoting *Webb-Weber v. Cmty. Action for Hum. Servs., Inc.*, 23 N.Y.3d 448 (N.Y. 2014)).

Plaintiff's Section 740 claim fails for several reasons. To start, as detailed above, Plaintiff does not and cannot identify any specific activity, policy or practice engaged in by Protega, as there are no PPSA or AKA violations. *See* Section III. (B), *infra*. Under Section 740, Plaintiff is required to plausibly allege facts, not her personal belief, showing that she reasonably believed that her purported complaints described conduct of Protega that defrauded the government. *Zhang v. Centene Management Co.*, LLC, No. 21 CV 5313 (DG)(CLP), 2023 WL 2969309, at *18 (E.D.N.Y. Feb. 2, 2023) (dismissing Section 740 claim where "[e]ven under the amended version of Section 740, plaintiff's pleading is deficient because she has not alleged facts that would show her reasonable belief that [department of health's] notice requirements had been violated by defendant's actions.") Here, Plaintiff's allegations about her co-workers' conduct falls far short of this requirement.

Even assuming she could allege such conduct, which she cannot, Plaintiff also fails to allege any reasonable belief that the conduct was illegal or posed a substantial and specific danger to public health or safety. Plaintiff has not alleged that she reasonably believed that Protega's conduct (lack of attendance sheets at conferences, a co-worker ordering $75 cocktails or showing indecent photos of herself to a doctor) posed a substantial and specific danger to public health or

safety. Plaintiff's Complaint is devoid of allegations suggesting any danger to public health or safety, let alone any presenting a substantial and specify threat. Plaintiff's allegations about the conduct of her co-workers does not remotely approach the standard required by Section 740. *Cueto v. Jura Pentium Inc.*, No. 156780/2024, 2025 WL 1673221, at *8 (N.Y. Supreme June 13, 2024) (holding the alleged "danger to public health" – employer practice of permitting non-employee to enter workplace without wearing a mask -- is too speculative to maintain a § 740 action). Indeed, Courts with more severe conduct than alleged here have dismissed Section 740 claims. *See, e.g.*, *Zhang, supra,* 2023 WL 2969309, at *18 (E.D.N.Y. Feb. 2, 2023) (manager's voice, tone, words and attitude, and harassment and humiliation of plaintiff insufficient for Section 740 claim); *Sakthivel v. Industrious Staffing Co.*, LLC, 212 A.D.3d 419, 420 (1st Dep't 2023) (Section 740 claim based on co-worker assault insufficient because it does not concern "a substantial and specific danger to the public health or safety"); *Romero v. Floris Construction, Inc.,* No. 1:16-CV-04282(PKC)(RLM), 2017 WL 5592681, at *7 (E.D.N.Y. Nov. 20, 2017) (no Section 740 violation for employee termination after reporting on-site battery); *Diaz v. N.Y. State Catholic Health Plan*, 18 N.Y.S.3d 866 (N.Y. App. Div. 2015) (concluding that alleged assault and battery by a supervisor did not constitute a violation of law that presented the relevant danger to public health or safety under Section 740).

Plaintiff's failure to allege any facts establishing a reasonable belief that Protega's conduct endangered the public warrants dismissal of her Section 740 claim.

### D. Plaintiff's NYCHRL and NYSHRL Sex Discrimination Claims Fail Because Courts Reject "Paramour Preference" Claims and She Fails to Allege She Was Treated Less Well than Male Comparators

Plaintiff's NYCHRL and NYSHRL discrimination claims fail as Courts reject "paramour preference" claims because favoritism based on consensual romantic relationships is not unlawful

sex discrimination. Even if Plaintiff's discrimination claims did not hinge upon her paramour preference allegations, she fails to allege any conduct that she was treated less well than male employees and that the offending conduct was keyed to a protected characteristic of Plaintiff.

To prove a claim for discrimination under the NYCHRL[4], a plaintiff must demonstrate by a preponderance of the evidence that she was "treated less well at least in part because of a protected trait." *Bell v. McRoberts Protective Agency*, No. 15 Civ. 0963, 2016 WL 1688786, at *4 (S.D.N.Y. Apr. 25, 2016) (internal quotation marks omitted) (quoting *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)).

Plaintiff's sex discrimination claims fail for several reasons. To start, courts have consistently held that favoritism based on consensual romantic relationships is not unlawful sex or gender discrimination. Actionable discrimination must be based on a protected characteristic, not on personal relationships or sexual affiliations. *DeCintio v. Westchester County Medical Center*, 807 F.2d 304 (2d Cir. 1986) (sex discrimination does not extend to claims of favoritism based on consensual romantic relationships); *Fattoruso v. Hilton Grand Vacations, Co., LLC*, 525 Fed. App'x 26, 28 (2d Cir. 2013) (summary order) (affirming dismissal of NYCHRL retaliation claim holding 'we have squarely held that a 'paramour preference' does not constitute unlawful discrimination based on gender"); *Kahn v. Objective Solutions, Intl.*, 86 F.Supp.2d 377 (S.D.N.Y. 2000) ("Similarly, New York courts have held that employment decisions predicated upon the existence or termination of consensual romantic relationships do not give rise to claims of gender discrimination.") (citing *Mauro v. Orville*, 259 A.D.2d 89, 697 N.Y.S.2d 704, 707-08 (3d Dept.1999). Here, Plaintiff grounds her sex discrimination claims upon her allegations of a "sexual

[4] As Plaintiffs claims fail under the more lenient standard of the NYCHRL, it follows that her claims fail under the NYSHRL standard as well. *Shaughnessy v. Scotiabank*, No. 22-CV-10870, 2024 WL 1350083, at *12 (S.D.N.Y. Mar. 29, 2024) (noting that "the NYCHRL applies a more lenient standard" than the standard for NYSHRL claims).

relationship" between Ms. Kraszewski and Mr. Schulte. (Compl. ¶¶ 20, 74, 90.) Accordingly, Plaintiff alleges a non-actionable paramour preference claim.

Even if the court recognized such a claim, Plaintiff still fails to allege any conduct that she was treated less well than male employees and that the offending conduct was keyed to a protected characteristic of Plaintiff. Rather, Plaintiff alleges only sexual conduct by Schulte directed at Ms. Kraszewski, but nothing based on Plaintiff's sex, which is insufficient. *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563, 580–581 (S.D.N.Y. 2023) (noting "the defendant's offending conduct must have been keyed to a protected characteristic of the plaintiff" and concluding that "a handful of comments relating to sex ... [fell] far short of stating an NYCHRL claim"); *Scalercio-Isenberg v. Morgan Stanley Servs. Grp. Inc.,* No. 19 Civ. 6034 (JPO), 2019 WL 6916099, at *6 (S.D.N.Y. Dec. 19, 2019) (NYCHRL gender-based discrimination claim not plausibly pled where plaintiff failed to demonstrate defendants declined to hire her because of her gender).

Finally, Plaintiff fails to allege any facts that she was treated less well than her male comparator, Mr. Schulte. *Bell, supra*, 2016 WL 1688786, at *4. Plaintiff merely alleges that Mr. Schule was "next" to be promoted, but not that he was promoted. (Compl. ¶ 64.) Indeed, Plaintiff concedes in her Complaint that she was promoted, while Mr. Schulte was not. (Compl. ¶ 18, 64.) Plaintiff further alleges that her *female* co-worker, Ms. Kraszewski was promoted. (Compl. ¶ 24.) Thus, Plaintiff cannot show she was treated less well than any male comparator because of her sex. *Shukla v. Deloitte Consulting LLP*, No. 119-CV-10578, 2020 WL 3181785, at *11 (S.D.N.Y. June 15, 2020) (dismissing NYCHRL claims where plaintiff "ha[d] not plausibly alleged that he was treated less well based upon his gender").

### E. Plaintiff's NYCHRL and NYSHRL Retaliation Claims Fail For Lack of Protected Activity

Plaintiff's NYCHRL and NYSHRL retaliation claims fail for the same reasons as her discrimination claims – complaints about paramour preference is not protected activity.

To prevail on a retaliation claim under the NYCHRL, a plaintiff must show (1) that she took an action opposing her employer's discrimination, and (2) that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action. *EEOC v. Bloomberg L.P.,* 967 F. Supp. 2d 816, 838 (S.D.N.Y. 2013) (quoting *Mihalik, supra*, 715 F.3d at 112 (2d Cir. 2013)). To survive a motion to dismiss, Plaintiff must show "'show[s] that something happened that was reasonably likely to deter a person from engaging in protected activity.'" *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 67 (S.D.N.Y. 2020) (quoting *Xiang v. Eagle Enters., LLC*, No. 19-CV-1752, 2020 WL 248941, at *9 (S.D.N.Y. Jan. 16, 2020)). However, a plaintiff's burden to plausibly allege the other three prongs necessary to state a prima facie retaliation claim under Title VII remains the same for NYSHRL claims. *Id.* (citing *Malena v. Victoria's Secret Direct, LLC*, 886 F. Supp. 2d 349, 362 (S.D.N.Y. 2012)).

As detailed above, Plaintiff has failed to allege facts that she complained about alleged sexual harassment, rather, she made allegations about a non-actionable paramour preference. *Pierre v. JFC Security Services, Inc.*, No. 15-CV-4627 (MKB), 2017 WL 4162304, at *7 (E.D.N.Y. Sept. 19, 2014) (dismissing retaliation claim based on paramour preference complaint) (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (retaliation claims fail where they are based on a "paramour preference," because such discrimination is not "discrimination on the basis of sex," but rather on a romantic relationship between an employer and a person preferentially treated); *Fattoruso*, *supra*, 525 Fed. App'x at 28 (plaintiff failed to establish NYCHRL retaliation based on paramour preference complaint).

Moreover, nothing happened here that was reasonably likely to deter Plaintiff from engaging in protected activity, as she alleges that she complained on three occasions to her manager, the Chief Operating Officer and Human Resources, all of which occurred before her termination and there was no threat that she would be terminated for her complaints. (Compl. ¶¶ 46, 76, 84.) Accordingly, Plaintiff's retaliation claims should be dismissed.

## III. CONCLUSION

For all the above reasons, Defendant respectfully request the Court to dismiss the Complaint in its entirety.

Respectfully submitted,

FISHER & PHILLIPS LLP

Dated: December 1, 2025

By: */s/ Kevin R. Brady*
Kevin R. Brady
400 Connell Drive, Suite 4000
Berkeley Heights, NJ 07922
(212) 710-1909 (phone)
(908) 516-1051 (facsimile)
kbrady@fisherphillips.com

*Counsel for Defendant,*
*Protega Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I, Kevin R. Brady, hereby certify that on this 1st day of December, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and notice of this filing was sent by operation of the Court's Electronic Case Filing ("ECF") system to all such parties registered for receipt of electronic notifications in this action, as indicated on the Notification of Electronic Filing ("NEF") receipt. Parties may access this filing through the Court's ECF system.

By: *\/s/ Kevin R. Brady*
Kevin R. Brady