**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER NIVAR,<br><br>Plaintiff,<br><br>v.<br><br>PROTEGA PHARMACEUTICALS, INC.<br><br>Defendant. | Civil Action No: 1:25-CV-07007-ALC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**FISHER & PHILLIPS LLP**

400 Connell Drive, Suite 4000
Berkeley Heights, NJ 07922
Attorneys for Defendant

*On the Brief*
Kevin R. Brady, Esq.

# TABLE OF CONTENTS

Page

**A. The Conduct to Which Plaintiff Alleges She Objected Was Not Illegal and It Would Not be Objectively Reasonable to Believe it was Illegal** .........................1

**1. +**
**Defendant Failed to Report Its Entertainment Practices** .............................1

**2. Wearing "Scandalous" Clothes and Sending Nude Photographs Are Not Remuneration that Violates the AKS** .........................................2

**B. Plaintiff Concedes Her Section 740 Claim Is Not Based on A Substantial and Specific Danger to Public Health or Safety**...................................................3

**C. Plaintiff's Attempt to Distance Herself from Her "Paramour Preference" Claim Does Not Save Her NYSHRL and NYCHRL Sex Discrimination/Hostile Work Environment Claims** ........................................................................4

**D. Plaintiff's NYSHRL and NYCHRL Retaliation Claims Again Fail for Lack of Protected Activity**............................................................................6

**<u>CONCLUSION</u>** ........................................................................................7

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ameti ex rel. United States v. Sikorsky Aircraft Corp.*,
No. 3:14-CV-1223-VLB, 2017 WL 2636037, at *6 (D. Conn. June 19, 2017) ............1

*Burns v. Medtronic, Inc.*,
No. 8:15-cv2331-T17-TBM, 2016 WL 3769369, at *6 (M.D.Fl. July 12, 2016) .............1

*Fattoruso v. Hilton Grand Vacations, Co.,* LLC,
525 Fed. App'x 26, 28 (2d Cir. 2013) ...........................................................6

*Geller v. N. Shore Long Island Jewish Health Sys.*,
10-CV-170, 2013 WL 5348313, at *7 (E.D.N.Y. Sept. 23, 2013) .............................5

*Green v. Harris Publ'ns, Inc.*,
331 F.Supp.2d 180, 192 (S.D.N.Y.2004) .......................................................4

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
716 F.3d 10 (2d Cir. 2013) .........................................................................4

*Magnoni v. Smith & Laquercia, LLP*,
701 F. Supp. 2d 497, 505–06 (S.D.N.Y. Mar. 22, 2010) ....................................5

*Mejia v. City of New York*,
No. 17-CV-2696, 2020 WL 2837008, at *15 (E.D.N.Y. May 30, 2020) .....................5

*Mormol v. Costco Wholesale Corp.*,
364 F.3d 54, 58–59 (2d Cir. 2004) ...............................................................5

*Nugent v. St. Luke's / Roosevelt Hosp. Ctr.*,
05 Civ. 5109, 2007 WL 1149979 at *16 (S.D.N.Y. Apr.18, 2007) ...........................4

*Pharm. Coal. for Patient Access v. United States*,
126 F.4th 947 (4th Cir. 2025) .....................................................................3

*Qorrolli v. Metropolitan Dental Associates,*
124 F.4th 115, 123 (2d Cir. 2024) ................................................................4

*Sardina v. United Parcel Serv., Inc.*,
254 F. App'x 108, 110 (2d Cir. 2007) ............................................................5

*Spina v. Our Lady of Mercy Med. Center,*
No. 97-cv-4661 (RCC), 2003 WL 22434143, at *3-4 (S.D.N.Y. Oct. 23, 2003) ...........3

*State v. MedImmune, Inc.*,
342 F. Supp. 3d 544 (S.D.N.Y. 2018) ....................................................3

*Trinidad v. N.Y.C. Dep't of Corr.*,
423 F. Supp. 2d 151, 167–68 (S.D.N.Y. 2006) ..........................................5

*United States ex rel. Hart v. McKesson Corp.,.*,
602 F. Supp. 3d 575, 579 (S.D.N.Y. 2022)...............................................3

*U.S. v. Shaw*,
106 F. Supp. 2d 103, 116 (D. Mass. 2000) ..............................................3

*United States v. St. Junius*,
739 F.3d 193, 210 (5th Cir. 2013) .......................................................3

*Vertex Pharms. Inc. v. U.S. Dep't of Health & Hum. Servs.,*,
774 F. Supp. 3d 211 (D.D.C. 2025) .......................................................3

**Statutes**

New York Labor Law § 740 ..................................................................3

### A. The Conduct to Which Plaintiff Alleges She Objected Was Not Illegal and It Would Not be Objectively Reasonable to Believe it was Illegal

Plaintiff's False Claims Act ("FCA") claim relies on her contention that she objected to incomplete or fabricated attendance sheets that purportedly violated the Physician Payments Sunshine Act ("PPSA"). She also contends that her co-worker wearing "scandalous" clothes and providing naked photographs of herself to a doctor on one occasion amounts to a violation of the Anti-Kickback Statute ("AKS"). But her Opposition confirms the conduct she alleges in her Complaint would not violate those statutes, and therefore, is not protected activity. Nor would it be objectively reasonable to believe that the alleged conduct violated the statutes.

#### 1. Plaintiff Concedes the Complaint is Devoid of Any Allegations That Defendant Failed to Report Its Entertainment Practices.

Plaintiff's Opposition devotes several pages to her claim that "the lack of a sign-in sheet", or "inaccurate, fabricated, or false documentation" at a conference in Orlando, Florida in February 2025 and her co-worker ordering $75 cocktails for herself and dinner guests at a "work outing" in April 2025 amounts to a PPSA violation. (Opp. at pp. 2-8.) Lacking from the Complaint or Plaintiff's Opposition is any allegation that Plaintiff was privy to any actual reporting practices by Defendant, and that it did not properly report under the PPSA. Plaintiff simply assumes the conduct must have resulted in a fraudulent submission, which is fatal to her FCA claim. *See, e.g., Ameti ex rel. United States v. Sikorsky Aircraft Corp.,* No. 3:14-CV-1223-VLB, 2017 WL 2636037, at *6 (D. Conn. June 19, 2017) (an FCA claim cannot survive if the plaintiff "provides *zero* details identifying particular false claims and instead concludes fraudulent bills must have been submitted") (emphasis in original); *Burns v. Medtronic, Inc.*, No. 8:15-cv2331-T17-TBM, 2016 WL 3769369, at *6 (M.D.Fl. July 12, 2016) (dismissing FCA claim holding "Defendants are correct that Plaintiff does not identify a belief that Medtronic did not report its entertainment

practices in accordance with the Physician Sunshine Act."). Here, the Complaint does not allege that Plaintiff was privy to or made any complaints about any actual reporting of its entertainment practices or identify any payments made to any physicians that were not properly disclosed in accordance with the PPSA. She does not allege a single instance in which a claim was submitted to a federal program, or an allegation of her reasonable belief that Defendant did not *report* its entertainment practices in accordance with the PPSA. Accordingly, Plaintiff can neither establish a violation of the PPSA, nor that it was objectively reasonable that Defendant committed fraud against the government. (ECF No. 17 at 9.)

**2. Wearing "Scandalous" Clothes and Sending Nude Photographs Are Not Remuneration that Violates the AKS**

Plaintiff's Complaint cabins the conduct for her alleged AKS violation to: (1) Ms. Kraszewski wearing "'scandalous' clothes"; and (2) her sending naked pictures of herself to a doctor on one occasion. (Compl. ¶¶ 39-40.) Plaintiff claims that Ms. Kraszewski's "highly inappropriate tactics" in this regard violated the AKS. (Compl. ¶ 41.) Her Opposition asserts for the first time that in reporting the alleged conduct to her manager that she "made clear that she believed that Kraszewski sending naked pictures to target doctors could potentially be a violation of the AKS." (Opp. at 3.)

The notion that this alleged conduct could plausibly qualify as "remuneration" under the AKS lacks merit.[1] Plaintiff has not cited any case law to support her allegation, let alone to establish her belief that Ms. Kraszewski wearing "scandalous" clothes or sending a naked photograph of herself on one occasion to a doctor is the type of "remuneration" to plausibly allege an AKS violation. (Opp. at 9.) To the contrary, Courts that have addressed "creative" services as

[1] Contrary to Plaintiff's Opposition, Defendant did argue that naked photographs are not remuneration. (ECF No. 17 at pp. 4-6.)

"remuneration" under the AKS have found nothing close to Plaintiff's allegations. *See, e.g.*, *Pharm. Coal. for Patient Access v. United States*, 126 F.4th 947 (4th Cir. 2025) (setting up a charitable foundation, funded by drug manufacturers to cover copays for low-income patients); *Vertex Pharms. Inc. v. U.S. Dep't of Health & Hum. Servs.*, 774 F. Supp. 3d 211 (D.D.C. 2025) (setting up fertility support programs for low-income patients whose insurance does not cover fertility treatments by a drug manufacturer whose drugs adversely affect fertility); *United States ex rel. Hart v. McKesson Corp.*, 602 F. Supp. 3d 575, 579 (S.D.N.Y. 2022) (offering valuable business-management tools to specialty oncology practices); *State v. MedImmune, Inc.*, 342 F. Supp. 3d 544 (S.D.N.Y. 2018) (acquiring and then providing protected patient health information to a pharmacy for the purpose of inducing drug prescriptions); *United States v. St. Junius*, 739 F.3d 193, 210 (5th Cir. 2013) (paying or receiving commissions in return for referring a Medicare patient to a Medicare provider). Indeed, "[i]t cannot be the case, then, that *any and every* remuneration is illegal. If that were so, the various exceptions to the [AKS] statute (¶¶ (A)-(E) would be meaningless." *U.S. v. Shaw*, 106 F. Supp. 2d 103, 116 (D. Mass. 2000) (emphasis in original) (holding, for example, "rebates are not *per se* illegal remunerations under the [AKS] statute."). There is simply no reasonable or objective belief that such conduct constitutes remuneration in violation of the AKS and the First Count should be dismissed.

**B. Plaintiff Concedes Her Section 740 Claim Is Not Based on A Substantial and Specific Danger to Public Health or Safety**

While it was unclear from the Complaint, Plaintiff now concedes in her Opposition that her Section 740 claim is not premised on the second prong of the statute, *i.e.*, that the alleged conduct poses a substantial and specific danger to public health and safety. (Opp. at 16.) But even if Plaintiff is not required to make that showing, Plaintiff's Section 740 claims for the same reasons as her FCA and AKS claims– lack of protected activity. (ECF No. 17 at pp. 7-8.)

### C. Plaintiff's Attempt to Distance Herself from Her "Paramour Preference" Claim Does Not Save Her NYSHRL and NYCHRL Sex Discrimination/Hostile Work Environment Claims.

In her Opposition, Plaintiff attempts to distance herself from her "paramour preference" allegations and now contends she not asserting a "pure paramour preference" claim. (Opp. at 17.) That is because the Second Circuit "has long since rejected 'paramour preference' claims', wherein employees are treated disparately based not on their gender, 'but rather on a romantic relationship between an employer [or supervisor] and a person preferentially treated.'" *Qorrolli v. Metropolitan Dental Associates*, 124 F.4th 115, 123 (2d Cir. 2024) (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Engineers, P.C.,* 716 F.3d 10, 14 (2d Cir. 2013)). Plaintiff's sex discrimination and hostile work environment claims are grounded upon her allegations of a "sexual relationship" between her co-workers, Ms. Kraszewski and Mr. Schulte, and therefore, the Court should dismiss Plaintiff's non-actionable paramour preference claim. (ECF No. 17, pp. 11-12).

Plaintiff then pivots and argues her claims instead are based on a "highly sexualized workplace" and that women who participated in sexualized behavior were favored and those opposed the conduct were punished." (Opp. at 17.) Plaintiff's claims fail for several reasons. To start, Plaintiff has failed to allege that any of the alleged "highly sexualized" conduct was directed at Plaintiff, which is fatal to her claim. *See, e.g.*, *Nugent v. St. Luke's / Roosevelt Hosp. Ctr.*, 05 Civ. 5109, 2007 WL 1149979 at *16 (S.D.N.Y. Apr.18, 2007) (inappropriate gender related remarks made by male supervisor but not directed at female plaintiff were "insufficient to demonstrate that the adverse actions taken against the plaintiff [were] attributable to gender bias"), *aff'd*, 303 Fed. Appx. 943 (2d Cir.2008); *Green v. Harris Publ'ns, Inc.*, 331 F.Supp.2d 180, 192 (S.D.N.Y.2004) (two racially discriminatory comments overheard by plaintiff and not directed to plaintiff were isolated stray remarks.).

Second, Plaintiff's reliance upon decisions from the Sixth and Third Circuits and California to support her alleged sex-based hostile work environment claim (Opp. at 24-25) are inapposite and ignore the weight of decisions in the Second Circuit and New York District Courts dismissing hostile work environment claims with far worse sex-based conduct than alleged here. *See, e.g.*, *Sardina v. United Parcel Serv., Inc.*, 254 F. App'x 108, 110 (2d Cir. 2007) (summary order) ("[A] few off-color comments including references to 'office bitches' and 'Brooklyn bimbettes' ... do not rise to the level of an objectively hostile work environment."); *Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58–59 (2d Cir. 2004) (concluding that comments made by the plaintiff's manager that she could break workplace rules by having sex with him did not create a hostile work environment); *Spina v. Our Lady of Mercy Med. Center*, No. 97-cv-4661 (RCC), 2003 WL 22434143, at *3-4 (S.D.N.Y. Oct. 23, 2003) (plaintiff's supervisor called her a "bitch" and complimented her appearance, including telling her that she "looked good in tight pants" insufficient to support hostile work environment claim), *aff'd*, 120 F. App'x 408 (2d Cir. 2005) (summary order); *Mejia v. City of New York*, No. 17-CV-2696, 2020 WL 2837008, at *15 (E.D.N.Y. May 30, 2020) (compliments on plaintiff's physical appearance, being told that she was viewed as a "bitch", and, on one occasion, subjected to an unwanted sexual overture insufficient for NYSHRL hostile work environment claim); *Magnoni v. Smith & Laquercia, LLP*, 710 F. Supp. 2d 497, 505–06 (supervisor comment of "telling a crude anecdote from his sex life with another woman, and occasionally referring to [the plaintiff] as voluptuous and knocking her knee" was not sexual harassment under NYCHRL); *Geller v. N. Shore Long Island Jewish Health Sys.*, 10-CV-170, 2013 WL 5348313, at *7 (E.D.N.Y. Sept. 23, 2013) (twenty incidents, including comments about the plaintiff's breasts, drawing a penis on a whiteboard during a meeting, and one inappropriate touching of the plaintiff's knee over a five year period were insufficient to state a

hostile work environment claim); *Trinidad v. N.Y.C. Dep't of Corr.,* 423 F. Supp. 2d 151, 167–68 (S.D.N.Y. 2006) (finding isolated incidents of supervisors calling the plaintiff a "bitch" and making sexual remarks over five years of employment insufficient to support a hostile work environment claim);

Here, Plaintiff concedes the sex-based conduct (which was not directed at her) amounts to the "sexual relationship" between Ms. Kraszewski and Mr. Schulte (Compl. ¶¶ 20, 74, 90), the attire worn by Ms. Kraszewski and the "highly inappropriate sexual banter" she had with a doctor. (Opp. at 3-4.) Even if Plaintiff could separate her "paramour preference" claim, the Complaint still fails to plead a plausible sex-based discrimination or hostile work environment claim, which should be dismissed.

**D. Plaintiff's NYSHRL and NYCHRL Retaliation Claims Again Fail for Lack of Protected Activity**

Defendant's motion papers established that Plaintiff's NYSHRL and NYCHRL retaliation claims fail for the same reasons as her discrimination claims – her complaints about paramour preference are not protected activity. (ECF No. 17 at pp. 12-13.) Plaintiff's Opposition attempts to distinguish *Fattoruso v. Hilton Grand Vacations Co., LLC*, 525 F. App'x 26 (2d Cir 2013) (summary order). (Opp. at 20-21.) In *Fattoruso*, the Second Circuit dismissed the plaintiff's NYCHRL retaliation because "the [paramour preference] conduct Fattoruso complained to Hilton about was not unlawful." *Fattoruso*, 525 F. App'x at 28. The conduct in Fattoruso centered around a non-discriminatory relationship between his supervisor, Mr. Crandall and one of his co-workers, where Fattoruso claimed that: (1) Mr. Crandall "was using his power to sexually harass an inferior employee"; (2) Fattoruso and other women "felt very uncomfortable going to work,"; (3) "other women at work felt that they might need to exchange sexual favors for work benefits"; (4) "he believed that Mr. Crandall's ... conduct was offensive, discriminatory, and created a hostile work

environment"; and (5) Fattoruso also "believed that he was subjected to sex discrimination, as he was a man, and as such would never be able to 'put [his] foot in the door or play that game.'" *Id.* at 27. The Second Circuit affirmed the District Court's dismissal of the retaliation claim, holding that a "paramour preference" does not constitute unlawful discrimination based on gender" and "[a]s the conduct Fattoruso complained of was not itself unlawful, his complaints did not implicitly give Hilton notice that he was engaging or reasonably believed he was engaging in a protected activity." *Id.* at 28.

The same is true here. Plaintiff alleges that Ms. Kraszewski engaged in a non-discriminatory relationship with her co-worker, Mr. Schulte, and that Ms. Kraszewski made people "uncomfortable" and complained to Defendant about it on three occasions. As Plaintiff alleges that Ms. Kraszewski was the individual creating a "sexually charged" work environment (based on her relationship with Mr. Schulte), it still does not amount to protected activity. As in *Fattoruso*, Plaintiff fails to establish a *prima facie* case for retaliation under the NYCHRL. And it follows that her NYSHRL retaliation claim fails for the same reasons. (ECF No. 17 at 12.)

## **CONCLUSION**

For all the above reasons, and in its motion papers, Defendant respectfully requests the Court to dismiss the Complaint in its entirety.

Respectfully submitted,

FISHER & PHILLIPS LLP

Dated: February 2, 2026

By: */s/ Kevin R. Brady*

Kevin R. Brady
400 Connell Drive, Suite 4000
Berkeley Heights, NJ 07922
(212) 710-1909 (phone)
(908) 516-1051 (facsimile)
kbrady@fisherphillips.com

*Counsel for Defendant,*
*Protega Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I, Kevin R. Brady, hereby certify that on this 2nd day of February, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and notice of this filing was sent by operation of the Court's Electronic Case Filing ("ECF") system to all such parties registered for receipt of electronic notifications in this action, as indicated on the Notification of Electronic Filing ("NEF") receipt. Parties may access this filing through the Court's ECF system.

By: */s/ Kevin R. Brady*
Kevin R. Brady